EXPRESSMEN'S AID SOCIETY *v.* M. D. LEWIS, ADMINISTRA-
TOR, Appellant, AND JOHN R. FARRAR, ADMINISTRATOR,
Respondent.

December 7, 1880.

Where a member of a mutual aid society nominates his wife to receive, at his
death, the benefits accruing, under the charter, to his legal representatives,
if he survives her, his legal representatives will take as against hers.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Affirmed.*

GIVEN CAMPBELL and GEORGE A. CASTLEMAN, for the
appellant: The contract under consideration is one of life
insurance.— *The Commonwealth* v. *Weatherbee,* 105 Mass.
149 ; *Henning* v. *Insurance Co.,* 47 Mo. 426 ; *Kelsoll* v. *Ty-
ler,* 11 Exch. 513 ; *Schenck's Case,* 44 Wis. 372 ; *Commercial
League* v. *The People,* 90 Ill. 166 ; *The State ex rel.* v. *Citi-
zens' Benefit Assn.,* 6 Mo. App. 163. In such a case, the
policy vests in the beneficiary named ; and upon the death
of the insured, though subsequent to that of the beneficiary,
the latter's administrator takes the fund. — *Phœnix Ins. Co.*
v. *Dunham,* 46 Conn. 79 ; *Gould* v. *Emmerson,* 99 Mass.
154 ; *Succession of Kugler,* 23 La. An. 455 ; *Ruppert* v.
*Union Mutual Ins. Co.,* 7 Robt. 156 ; *Fraternal Mutual
Life Ins. Co.* v. *Applegate,* 7 Ohio St. 296.

LYNE S. METCALFE and PATRICK & FRANK, for the
respondent : The constitution and by-laws of benefit associa-
tions constitute a contract between the association and its
members. — *Gundelach* v. *Association,* 49 How. Pr. 192 ;
*Dietrich* v. *Association,* 45 Wis. 83. The constitution and
by-laws of this society having provided that the fund should
be paid to the legal representatives of a deceased mem-
ber, upon the death of the beneficiary named, prior to
the death of the member, the latter's representatives
take. — *Fry* v. *Chicago,* 73 Ill. 99 ; *Allen* v. *Mutual Ins.
Co.,* 2 Md. 111 : *United States* v. *Warner,* 4 McLean, 463 ;

*Woodbury* v. *Berry*, 18 Ohio St. 456 ; *Tynan* v. *Walker*, 35 Cal. 634 ; *Alexander* v. *Worthington*, 5 Md. 671 ; *The State ex rel.* v. *Missouri Life Ins. Co.*, 44 Mo. 283 ; *Swift* v. *Luce*, 27 Me. 286 ; *Bartlett* v. *Morris*, 9 Port. 266 ; *Cantwell* v. *Owens*, 14 Md. 215.

W. S. Stewart, for the respondent: The beneficiary named, having died before the insured, and the by-laws of the society having provided that the fund should be paid to the legal representatives of the deceased member, the contingent right arising from such nomination did not pass to the heirs of the person so named as beneficiary. — *Mutual Ins. Co.* v. *Atwood*, 24 Gratt. 508 ; *Gambs* v. *Insurance Co.*, 50 Mo. 44 ; *Kernan* v. *Howard*, 23 Wis. 108.

Bakewell, J., delivered the opinion of the court.

This is a bill of interpleader filed by a benefit society to determine which of two claimants is entitled to a fund payable by the society on the death of a member. The claimants are the administrator of the deceased member and the administrator of his deceased wife. The case was tried upon an agreed statement of facts, and the finding of the trial court was in favor of the representatives of the deceased member and against the claim of the representatives of his wife.

The Expressmen's Aid Society is a voluntary association. Its objects are declared in its constitution to be " the accumulation of a fund to be paid to the legal representatives of a member at his death, or in case of total permanent disability." The officers are a president, etc., with an executive committee of members. The memberships are divided into classes, each class having a local secretary, who collects funds from the members. The by-laws provide that any healthy employee of a responsible express company, if of good character, may become a member, on application and presenting the proper certificates. The member is entitled to a certificate stating to whom the amount in the

fund shall be paid at death or disability of the member, and the beneficiary elected by the member can be changed only on application to the secretary, and surrender of the certificate ; a new certificate is then issued. In the event of the death of a member who has failed to elect to whom the fund shall be paid, the fund shall be held for the action of the executive committee in determining who are the legal representatives of the deceased. ' In case of total disability of a member, the executive committee has power to direct the treasurer to set aside the amount in the fund to the credit of the legal representatives of the disabled member. If the executive committee fail to find any legal representatives, the fund reverts to the society and is disposed of at the next annual meeting. On receiving notice of the death of a member, the secretary collects an assessment from his class, to be forwarded to the treasurer for a new fund. This assessment is $2 for each member of class A, and $1 for each member of class B. If there is no fund on hand, the assessment is made to pay the death claim.

Charles Wilby was an employee of the Adams Express Company, residing in St. Louis. He became a member of the Expressmen's Aid Society on March 5, 1875. On becoming a member, he gave the name of his wife, Margaret Wilby, as the person he designated to receive the benefits in case of his death, and received a certificate from the society stating that he had become a member, and that the benefits were payable to Margaret Wilby. In April, 1878, Margaret Wilby died. She never had any children. In October, 1878, Charles Wilby died, in good standing with the society, and having made no change in the beneficiary. The heirs of Charles Wilby are a father and mother, brothers and sisters. The heir of his wife is a niece. There are no assets of either estate except the fund in controversy. Both estates are indebted. The fund in controversy in this case is $1,820, which has been paid into court.

The wife had no vested interest in the provision made

for her benefit by the contract under consideration. It is contended by appellant that she had such an interest, but the right of the husband after the wife's death to dispose of a policy made by him for her benefit is sustained in this State. *Gambs* v. *Insurance Co.*, 50 Mo. 48. The right to change the beneficiary is, moreover, expressly given by the by-laws of the society of which deceased was a member. It is true that the by-laws set forth certain formalities to be complied with on changing the beneficiary. These provisions are for the protection of the company. It does not follow that because these formalities are prescribed, the member of the society desiring to change the beneficiary could not effectuate his intention without an exact compliance with these forms. In the present case, however, the beneficiary named died before she had acquired any vested interest in this insurance. The insured survived her for many months, and remained passive, and died without having given any other or further directions as to the person to whom the benefits accruing from his membership were to be paid on his death.

The disposition was revocable. In cases of legacies and donations *mortis causa*, where the intention to prevent the consequences of a lapse is not clearly manifested, the gift or legacy, being based on love and affection, lapses on the death of the legatee before the testator. The will does not take effect until the death of the testator; and if the beneficiary is dead at that time, the heirs of the beneficiary named in the will are not to be substituted for him as the objects of the testator's bounty. It is not to be presumed that because the testator makes no change in his will on the death of the legatee, he therefore desires that the heirs of the legatee named shall take in case the person named as legatee is not in existence when the will goes into effect. That case is not parallel with the one before us, but there is an analogy between them. Wilby declared that this money, in the event of his death, was to be paid to his wife;

but he did not declare that if his wife died before him it should be paid to his wife's niece. If that was his intention, it would seem that he would have clearly manifested it. His intention in making the declaration was manifestly to provide for his wife, and not for his wife's relatives, who were strangers to his blood. The policy is, by his direction, payable to Margaret Wilby, not to Margaret Wilby and her heirs or legal representatives.

The organic law of this society declares its object to be the accumulation of a fund to be paid, in case of death, to the legal representatives of a member. And the by-laws provide for the payment of the fund, in case of failure to elect, to the legal representatives of the deceased. The meaning seems to be, that if the member has failed to appoint a beneficiary, or if at the date of his death there is no appointee named by him, alive and capable of taking, it is to go to his next of kin. In the case of the Expressmen's Mutual Benefit Association, which was argued and submitted with this case, the object of the association is declared to be " to aid and benefit the families of deceased members in a simple and substantial manner." In both cases, the object of the society is clearly declared, in its charter, to be the accumulation of a fund to be paid, in case of death, to the relatives of the deceased.

The case is not, perhaps, entirely free from doubt. But, after due consideration we are of opinion that, the appointee not being alive at the time of the death of the member, the true meaning of the contract is that the fund should be paid, according to the declared objects of the society, to the next of kin of the deceased.

The judgment of the Circuit Court is affirmed. All the judges concur.