NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—March, 1884.

## RENK v. HERRMAN LODGE.

### In the matter of the estate of GEORGE MEYER, deceased.

Decedent, at the time of his death, was a member of a society, which, pursuant to its constitution, had established a widows' and orphans' benefit fund, from which, on a member's death, a sum was payable to his family, or as he might direct. It was provided that a benefit certificate be issued, payable as directed in the member's application, and that a change in the destination might be effected by a compliance with certain regulations.

Decedent, having duly designated his wife as beneficiary, afterwards, without observing the prescribed forms, served upon certain officers of the society a notice of revocation of his direction in favor of his wife, and executed a will, in which he sought to accomplish the same diversion by a bequest to others.—

*Held*, that the transferee acquired no title under the notice ; and that the sum in question formed no part of decedent's estate, and so could not pass under the will.

Hellenberg v. Order of B'nai B'rith, 94 N. Y., 580—followed.

APPLICATION by Sebastian Renk, executor of decedent's will, under Code Civ. Pro., § 2706, to discover property alleged to be withheld by the officers of Herrman Lodge. The facts appear sufficiently in the opinion.

ROBERT GREENTHAL, *for executor.*
JOHN HARDY, *for Catharine Meyer, contestant.*

THE SURROGATE.—This decedent was, at the time of his death, a member of the "Herrman Lodge," a branch of a society incorporated by the legislature of Kentucky, and called the "Knights of Honor." It is provided in the constitution of that society that a widows' and orphans' benefit fund shall be established "from which, on satisfactory evidence of the death of a member of this corporation, who has complied with all its lawful requirements, a sum not exceeding two thousand dollars shall be paid to his family, or as he may direct." Article ninth of the constitution provides for issuing to members of subordinate lodges a paper called a "benefit certificate," signed by certain officers of the Supreme Lodge, and bearing its seal and "made payable as the member shall have directed in his application." The subordinate lodge is required to record the number of the application, and no benefit certificate can be reissued, unless satisfactory proof of loss of the original certificate is furnished the Supreme Reporter. It is further provided by the constitution that every application shall specify the person to whom the applicant desires his death benefit to be paid. The beneficiary may be changed as the member may thereafter direct, and such change is required to be noted in the certificate. If a member surrenders his certificate and forwards it, together with a fee of fifty cents, by the reporter of his lodge under seal to the Supreme Reporter, the latter must thereupon cancel the old certificate, and issue a new one in lieu thereof to such member, payable as he shall have directed; said surrender and direction to be made on the back of the benefit certificate surrendered, signed by the member, and attested

by the reporter under seal of the lodge.      The decedent, as a member of the Herrman Lodge of this society, was empowered to designate by proper application the person who in the event of his death should become entitled to the sum of two thousand dollars.      It is admitted that, in accordance with the constitution and bylaws of the society, he designated his wife as such per° son, and the proper benefit certificate was thereupon issued.      It was never surrendered, nor was any new certificate issued in its place.      The decedent executed a will near the end of his life, and, being then at odds with his wife, he sought to divert to others the $2,000, of which he had made her the beneficiary.      The effort to accomplish this object by the dispositions of his will was clearly ineffectual.      (Hellenberg v. Order of B'nai B'rith, *94 N. Y., 580*).      It is claimed, however, that, by an instrument bearing the same date as the will, witnessed by certain officers of the lodge and served upon them, the decedent succeeded in defeating his wife's claim to the $2,000.      That instrument is as follows:

" *To the Herrman Lodge, No. 1234, Knights of Honor,*
   *Officers and Members:*

Please take notice that I do hereby revoke the direction given in my benefit certificate in reference as to whom the money should, after my death, be paid, and I do hereby order and direct that the money be divided as directed by me in my last will and testament, executed by me on the 17th day of October, 1882.

GEORG MEYER."

I do not think that this instrument extinguished Mrs. Meyer's right to receive $2,000 from the lodge upon the

death of her husband.   A case is here presented which is in some particulars unlike that above cited, but, nevertheless, it must be held, within the doctrine of that case, that the decedent, failing to comply with the rules of the society, accomplished nothing by the execution of the paper above quoted.   Besides, I think that the respondent in this proceeding is correct in claiming that, even if that paper can be deemed a valid transfer of the right to the $2,000, the transferee has acquired his title *by virtue of that paper and not under the will;* so that the $2,000 formed no part of the estate of this decedent at his death.   I must accordingly dismiss this proceeding, which is brought by the executor to discover property alleged to be withheld by the officers of Herrman Lodge.

Ordered accordingly.