HERMAN BEECKEL, AS ADMINISTRATOR, ETC., OF LEOPOLD HAFFENNEGGER, DECEASED, PLAINTIFF, *v.* THE IMPERIAL COUNCIL OF THE ORDER OF UNITED FRIENDS, DEFENDANT.

*Relief fund of a mutual benefit association — when it goes to the heirs-at-law free from the claims of creditors of the deceased member.*

A certificate, issued by a society known as the Imperial Council of the Order of United Friends, provided that the party named therein was "entitled to all the rights and privileges of such membership, and a benefit of not exceeding one thousand dollars from the relief fund, which sum shall, at death, be paid to ............ subject to will ...... subject to the laws, rules and regulations of the order."

The articles of incorporation of the council provided for the establishment of "a relief fund from which a member of this association, who has complied with all its laws, rules and regulations, or a person or persons by such member lawfully designated, or the legal heir or heirs of such member, may receive a benefit in a sum not exceeding three thousand dollars; ' and further provided, "Each applicant shall enter, upon his application, the name or names of the person or persons to whom he or she desires the benefit to be paid in case of death;" and, further, that in case of the death of all the beneficiaries selected by the member before the decease of such member, and no other disposition being made thereof, "the benefits shall be paid to the next of kin of the deceased member dependent upon him or her, and if no person or persons shall be entitled to receive such benefits by the laws of the order it shall revert to the relief fund."

*Held,* that a creditor of the deceased member, who had taken out letters of administration upon his estate, could not maintain an action against the Imperial Council for the recovery of the money payable under such certificate.

That, in default of a designation, either in his lifetime or by will, by the deceased member, the amount payable under such certificate went to his heirs-at-law.

EXCEPTIONS ordered to be heard in the first instance at the General Term, and judgment to be in the meantime suspended, after a trial had at the Monroe County Circuit, before the court and a jury, at which a verdict was rendered in favor of the plaintiff against the defendant by direction of the court for the sum of $1,082.

The action was brought by a creditor of a deceased member of the Imperial Council of the Order of United Friends, who, as such creditor, had applied for and obtained letters of administration upon the estate of such deceased member to recover the amount payable

to his intestate from the Imperial Council of the Order of United Friends by reason of the membership therein of such intestate.

*W. A. Sutherland*, for the plaintiff.

*Alfred Stekler*, for the defendant.

MACOMBER, J.:

The defendant is organized under the act of the legislature passed May 12, 1875 (chap. 267), entitled "An act for the incorporation of societies or clubs for certain lawful purposes," commonly known as the club act. It has the right to issue certificates of life insurance to its members under certain conditions.

Upon the 1st day of February, 1887, it issued a certificate to the plaintiff's intestate, Leopold Haffennegger, in which it agreed to pay, on his death, the sum of $1,000. No beneficiary was mentioned in the certificate other than the insured, but there was a provision that this amount should be paid " subject to will," meaning, obviously, that the member could bequeath the demand to any person. The certificate is as follows:

" This certificate issued by the authority of the Imperial Council of the Order of United Friends, duly incorporated under the Laws of the State of New York, witnesseth, that Leopold Haffennegger, a member of Hercules Council, No. 241, located at Rochester, in the State of New York, is a beneficiary member of the Order of United Friends, and entitled to all the rights and privileges of such membership and a benefit of not exceeding one thousand dollars from the relief fund, which sum shall, at death, be paid to . . . . . . . . subject to will . . . . . . . . . . subject to the laws, rules and regulations of the order."

Section 3 of the articles of incorporation of the defendant is as follows: "Third. The principal objects of this association shall be: To unite and combine the efforts of all its members; to improve the condition of its membership, morally, socially and materially, by timely counsel and instructive lessons; to encourage each other in business and give assistance in obtaining employment; to promote benevolence and charity by establishing a Relief Fund, from which a member of this association who has complied with all its laws, rules and regulations, or a person or persons by such member law, fully designated, or the legal heir or heirs of such member may

receive a benefit in a sum not exceeding three thousand dollars ($3,000.00), which shall be paid when a member, by reason of disease or accident shall become permanently disabled from following his or her usual or some other occupation, or upon a satisfactory evidence of the death of such member, and when all the conditions regulating such payment have been complied with."

Section 2 of law three of its constitution and by laws is as follows: "Each applicant shall enter upen his application the name or names of the person or persons to whom he or she desires the benefit to be paid in case of death; subject, however, to such future disposal of the benefits as a member may thereafter direct upon returning to the Imperial Recorder the original certificate for record of change."

Section 5 of that law provided a payment to the surviving beneficiary in case more than one were designated.

Section 6 provides, that in case all the beneficiaries selected by the member should die before the decease of such member and no other disposition be made thereof, " the benefits shall be paid to the next of kin of the deceased member dependent upon him or her; and if no person or persons shall be entitled to receive such benefits by the laws of the Order, it shall revert to the Relief Fund."

The plaintiff is a creditor of Leopold Haffennegger, but is in no way related to the deceased, and he was not designated as a beneficiary in this certificate or policy. As such creditor he procured himself to be appointed administrator of the estate of Haffennegger, and he brings this action to recover the thousand dollars secured by such certificate. Haffennegger, who died intestate on the 17th day of April, 1887, left him surviving a wife and three children. At the trial the defendant moved to dismiss the complaint upon the ground that the plaintiff had no standing under the certificate and the constitution and laws of the society, which motion was denied. At the close of the case also, after showing that the children of the deceased had brought an action upon the same certificate against this company, the motion was renewed and again denied, and a verdict was ordered by the court for the plaintiff in the amount claimed.

We think that this action cannot be maintained. The plaintiff has no right or title to the money to be procured upon this certificate. He is a creditor only of the deceased, and not a relative.

Under the provisions of the laws and regulations, already quoted, it is clear that it is no part of the business enterprise of the defendant to provide a fund for the payment of debts. Its regulations are so specific and clear upon this subject as hardly to require extended discussion. The assured had the right to designate absolutely the beneficiary who should receive the full benefit of the insurance after his death; but this was subject to the right of a further disposition thereof by will. In case, however, of a failure to make a designation either in his lifetime or by will, the moneys were to be paid to his heirs-at-law, and, if they were not all similarly situated, to those only in need of assistance. Furthermore, in case of a total failure or extinction of beneficiaries named, or next of kin dependent upon the assured, the fund did not revert to the company, but went into a general fund, known as the "Relief Fund," for the benefit of the insured of this class. Haffennegger left heirs-at-law; and, for aught that appears, they have among themselves equal claims upon the fund. Under the laws governing the defendant these persons were entitled to the insurance moneys.

This conclusion is in accordance with the case of *Hellenberg* v. *District No.* 1 *of I. O. of B. B.* (94 N. Y., 580). In that case by the by-laws of the company it was provided that upon the death of a member the sum of $1,000, collected by contribution from all the lodges in the district, should be paid to the wife of the deceased, if living, and if dead to his children, and if there were none, then to such person as he may have designated prior to his death. The testator, having neither wife nor children, designated his mother as the beneficiary. His designation described the payments directed as "the one thousand dollars my heirs are to receive." His mother died before the insured and no other designation was made. It was held, in an action to recover that sum, that the testator had no interest in the fund which could descend, or upon which a will could operate; but simply a power of appointment, which, if not exercised prior to his death in the manner specified, became inoperative; and that as the beneficiary named died before him, and no other designation was made as prescribed, the defendant was not bound to pay to any one. In that case the endowment reverted to the Order under the peculiar provision of the charter; but in the case now before us there is no such reversion, but a retention of the same for general relief.

The case of *Bishop* v. *Grand Lodge, etc.* (112 N. Y., 627), is pressed upon our attention as holding the contrary; but that decision is entirely consistent, in our judgment, with the principles above mentioned. At the trial thereof no question was made but, that if any person could recover Mrs. Bishop, as administratrix, might do so, inasmuch as she was the actual beneficiary under the certificate. But the feature distinguishing the Bishop case from the one at bar is, that by the terms of the agreement in that case the endowment was payable to the families, heirs or legal representatives of the deceased members. In the case before us there is no provision for the payment in any possible event to the legal representatives of the deceased. The deceased had no vested interest in the fund itself which can be made available to his personal representatives after his death.

Exceptions allowed and verdict set aside, with costs to be paid by the plaintiff personally; and inasmuch as, if these views are correct, a new trial will be unavailing to the plaintiff, the complaint should be dismissed.

DWIGHT, P. J., and CORLETT, J., concurred.

Exceptions allowed and verdict set aside, with costs to be paid by the plaintiff personally, and the complaint dismissed.