reiterated to her a few days before his death the statement of this present, and again enjoined upon her to remember it and also to keep it secret. Two of the essentials necessary to a valid gift of this kind are unmistakably present: (1) That it was given in view of the donor's death; and (2) that he died of the ailment with which he was afflicted at the time the present was made. Was there a sufficient delivery of the note? In case of gifts *causa mortis* physical possession· of the property is not necessarily parted with by the donor. The right of revocation inheres in the donor in case of recovery, and that is the characteristic distinguishing gifts of this kind from those *inter vivos*. *Williams* v. *Guile*, 117 N. Y. 343–348, 22 N. E. Rep. 1071. The note in controversy was especially designated by the donor. His intention to make the gift is established by clear, unequivocal testimony, and his direction to his attendant to retain the custody of the note during his lifetime, and his evident care that his executor, the donee, should be assured in its possession upon his death, are amply adequate to make a sufficient delivery, and constitute the custodian of the note his agent to render effectual the donation. *Grymes* v. *Hone*, 49 N. Y. 17; *Williams* v. *Guile*, 117 N. Y. 343, 22 N. E. Rep. 1071; *Hathaway* v. *Payne*, 34 N. Y. 92. . In the first case cited the donor made a written assignment of 20 shares of stock to a granddaughter, and gave the assignment to his wife to give to the donee upon his death. The court, in sustaining this as a valid gift *causa mortis*, held that the wife was the agent of the donor to effectuate the donation. Testator was desirous that the fact of this gift should not be divulged to his legatees. Evidently he thought to accomplish this by making his donee his executor. He told his housekeeper that Crosby knew of this gift, and it is fairly inferential that the old gentleman expected in this way to work out the formal delivery of the note without any publicity; that when Crosby obtained the securities he would destroy this note. In no other way can we spell out his extreme caution, and his designation of Crosby as his executor adds significant force to this inference. Crosby, however, received this note subject to the collateral inheritance tax. Chapter 713, Laws 1887, § 1. The executor received the avails of the estate, and commingled them with his own funds, and used them for his personal benefit, and is therefore chargeable with interest, which I have adjusted in the statement of the account embodied in the findings herein.

---

### In re WATTS' ESTATE.

#### . In re GAYLOR.

##### (*Surrogate's Court, Westchester County.* November, 1890.)

EXECUTORS—ACCOUNTING—OPENING DECREE.

> Where an executor charges himself, on the settlement of his accounts, with a sum which he knew did not belong to the estate as assets, but was a gratuity, to which the widow and children were entitled on testator's death by virtue of his membership in a produce exchange, he cannot afterwards have the decree adopting such account modified by deducting such sum, under Code Civil Proc. § 2481, which authorizes the surrogate to open a decree for "newly-discovered evidence, clerical error, or other sufficient cause."

Motion by Edward F. Gaylor, executor of the last will of Simon Watts, deceased, for an order opening and modifying a decree of the surrogate. Denied.

For former report, see 16 N. Y. Supp. 379, *mem.*

*A. J. Adams,* for the motion.    *Wm. H. Robertson,* opposed.

COFFIN, S. It is now made to appear that the amount which the executor seeks to have deducted from the balance in his hands, as fixed by the decree, was a sum given to the widow and children of the deceased by what is known as the "Produce Exchange," in the city of New York, through the trustees of what is called the "Gratuity Fund." Section 4 of the rules and by-laws

thereof reads as follows: "Nothing herein contained shall be construed as constituting any estate *in esse* which can be mortgaged or pledged for the payment of any debts, but it shall be construed as the solemn agreement of every subscribing member of the New York Produce Exchange to make a gift to the family of each deceased member, and of the exchange to collect and pay over to such family the said gift." This is the only provision to which the attention of the court is called. It would seem that the trustees of the fund gave checks for the sum to which the widow and children were each entitled, and that the executor procured their indorsement thereof, obtained the money, and used it for his own purposes, whether with or without the consent or knowledge of the payees is deemed immaterial. He fully knew the source from which the money was derived, and that it did not belong to the estate as assets. And yet he included the amount in the inventory of the assets he caused to be filed, and charged himself with the same in the account of his proceedings which he rendered. There was a contest regarding some items of the account, but none whatever concerning this. The court was in ignorance as to the derivation of this fund, and was bound to regard it as a proper legal charge made by the executor against himself. The contest resulted in the account being adopted as rendered, and a decree was entered accordingly. On the facts before it, this court clearly had jurisdiction in so far as this sum is concerned. The learned counsel for the executor claims that it had not, and cites *In re Brooks*, 5 Dem. Sur. 326; *Greeno* v. *Greeno*, 23 Hun, 478; *Bown* v. *Association*, 33 Hun, 263; and *Hellenberg* v. *B'Nai Berith*, 94 N. Y. 580, in support of his position. But in those cases the point was not made, and they were arrested by the question at a stage of the proceeding where it could be properly considered, while this case has entirely passed beyond such stage. Had the executor failed to charge himself with it, and the contestants insisted that he should, then the matter would have been open for consideration, the court would have had jurisdiction to determine it, and would doubtless have held that it was not properly chargeable against the executor as such. But he here seeks to set aside a decree because it charges him with a sum he confessed in his account, with a full knowledge of all the facts, to belong to the estate. But this court does not seem to be authorized by section 2481 of the Code to open the decree on the ground urged. No fraud, newly-discovered evidence, clerical error, or other like sufficient cause is alleged. See *Olmsted* v. *Long*, 4 Dem. Sur. 44. The executor knew all the facts when he filed his account. The error, if any, was one purely of law, and that has been held not to be a sufficient cause. *In re Dey Ermand*, 24 Hun, 1. There is less reluctance in denying this motion, for the reason that the only difference it can make to the executor is the mode of enforcing payment. In any event, his liability for the amount continues. Motion denied.