JOHANAH KUNKEL, as Executrix, etc., of JOHN H. BAKER, Deceased, Appellant, *v*. THE WORKMEN'S SICK AND DEATH BENEFIT FUND OF THE UNITED STATES OF AMERICA, Respondent.

*Mutual benefit association — under what by-laws, a will is not a " testamentary disposition " of a death benefit.*

The by-laws of a mutual benefit association permitted a member to designate his beneficiary by signing a paper adopted and used by the association, called a " Testamentary Disposition." By amendment thereof it was provided that the benefit should be paid to " the husband, wife, affianced husband, affianced wife child, child by legal adoption, parent, parent by legal adoption, relatives of or persons dependent upon the member."

They further provided that if a death benefit certificate was issued to any of the parties designated in the foregoing class, and all such class should die, the member might direct that the death benefit should be paid to any other person.

*Held,* that a will executed by a member who left "no relatives," in which he bequeathed the benefit to a person whom he nominated as his executrix, was not the "testamentary disposition" provided for by the by-laws, and that the legatee, in her capacity as executrix, could not maintain an action against the association to recover the death benefit.

APPEAL by the plaintiff, Johanah Kunkel, as executrix, etc., of John H. Baker, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Dutchess on the 30th day of July, 1901, upon the decision of the court, rendered after a trial at the Dutchess County Special Term, dismissing the complaint upon the merits.

*Morschauser & Wood,* for the appellant.

*Hillquit & Hillquit,* for the respondent.

Judgment affirmed, with costs, on the opinion of Mr. Justice GARRETSON.

All concurred.

The following is the opinion of GARRETSON, J., delivered at Special Term :

GARRETSON, J. :

The testator's rights in the defendant society arose out of contract, made pursuant to the statute under which the society was organized   (The Insurance Law [Laws of 1892, chap. 690], art. 7) and the constitution and by-laws adopted by the society by virtue thereof. (Id. §§ 234, 235.)

At the time the testator became a member of the society he was permitted by the by-law to designate in his lifetime to whom the sick or death benefit should be paid in the event of his mental derangement or death,   This was to be effected by the signing of a paper adopted and used by the society and called a " Testamentary Disposition."

By amendment of the by-laws it was thereafter provided that the benefit should be paid to " the husband, wife, affianced husband, affianced wife, child, child by legal adoption, parent, parent by legal adoption, relatives of or persons dependent upon the member."

These beneficiaries constitute a class from which selection is to be

made at the option of the member (even if it is not obligatory that he select therefrom in the order in which they are named), if there is a person living bearing the specified relation to the member.

And it is further provided that, if in any instance where a death benefit certificate has been issued to any of the parties designated in the foregoing class, all of the class shall have died, the member may direct that the death benefit shall be paid to any other person.

It is stipulated by the parties hereto that the testator left "no relatives."

The plaintiff sues as executrix of his will, and claims to be entitled to the benefit, as the person designated therein, to whom the benefit has been specifically bequeathed.

The question whether she can sue in her representative capacity, instead of individually, as the legatee of the benefit named in the will, is suggested, but is unimportant in view of the conclusion reached hereon.

As stated at the outset in this opinion, the testator's right to make disposition of the benefit arose out of the contract which he made with the association, and was limited and qualified by the statute and by the constitution and by-laws of the society adopted thereunder. It was also subject to modification by such changes or amendments as might thereafter be made in the constitution and by-laws not inconsistent with law.

Neither the statute nor the constitution nor the by-laws in force at the time the testator became a member of the society, or at the time of his death, authorized a disposition of the benefit by will, or the designation of a beneficiary in that manner.

The naming of the plaintiff in the will as the legatee of the benefit was not the "testamentary disposition" provided to be made, as has been intimated above.

The plaintiff's complaint, therefore, does not state facts sufficient to constitute a cause of action. (*Hellenberg* v. *Dist. No. 1 of I. O. of B. B.*, 94 N. Y. 580.)

There must be judgment for the defendant dismissing the complaint, with costs.

Let a proposed decision and judgment be prepared accordingly and submitted.