HEPNER v. UNITED STATES GRAND LODGE ORDER BRITH ABRAHAM.

(Supreme Court, Appellate Term.   June 1, 1910.)

INSURANCE (§ 778*)—FRATERNAL INSURANCE—BENEFICIARIES.

The rules of a fraternal order provided for the payment of death benefits to the member's wife, children, or parents, or, if no wife, children, or parents, to such person as the member might designate, and in case of no designation the money collected should be applied to the payment of the next occurring death, did not authorize the brothers and sisters of a deceased member, dying without leaving wife, children, or parents, and without having made any designation, to recover the death benefit.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1945; Dec. Dig. § 778.*]

Appeal from City Court of New York, Trial Term.

Action by Arnold Hepner against the United States Grand Lodge Order Brith Abraham. From a judgment for defendant, after a trial

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the court without a jury on an agreed statement of facts, plaintiff appeals. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Milton Hart (Solon B. Lilienstern, of counsel), for appellant.

Goldfogle, Cohn & Lind (Charles L. Cohn, of counsel), for respondent.

LEHMAN, J. The plaintiff sues individually and as assignee of his surviving brothers and sisters, representing all the next of kin of his deceased brother, Fabian Hepner. The case was submitted upon an agreed statement of facts. It appears that Fabian Hepner joined the defendant order on or about February 27, 1887. Under the laws of the order existing at that time a certificate of membership was issued to him. This certificate provided for a payment of $500 upon the death of the member or the member's wife, upon compliance with all laws, rules, regulations, and practices of the order. It further provided that:

"The benefits in the within certificate mentioned and described shall be paid to such member or beneficiaries only as are named in and provided for by the laws of the Order Brith Abraham and to no others."

At that time the constitution and by-laws provided that the benefit should be paid to his wife, children, or parents, or, if no wife, children, or parents survive, then to such person as the member may designate, and if the member failed to make a designation then the money collected by the Endowment Committee was to be "applied to the payment of the next occurring death."

In October, 1901, a new certificate was issued to the plaintiff's brother, which provided that the deceased was entitled to all the benefits provided for in the constitution and laws of the order, "subject, however, to his compliance at all times with the constitution, laws, and regulations of said order, and of the subordinate lodge to which he belongs, as they now exist or as they may hereafter be amended, altered, or modified, all of which are to be taken as a part hereof, and constitutes the contract between such member and this order." It also provides that the order agrees:

"That upon the death of such member the sum of five hundred dollars, when collected by assessments at the time and in the manner provided for by the said constitution and laws of this order, shall be paid to the beneficiary or beneficiaries under this certificate, and the constitution and laws of this order shall be confined to and relate only to the class or classes of beneficiaries mentioned and set forth in the constitution and laws of said order, as defined in and set forth in such constitution and laws."

In the year 1905 the constitution and by-laws were revised. The revised constitution is now the organic law of the order, and this provides that upon the death of a member the sum of $500, to be collected from all the members of the order, shall be paid in the manner following: First, to the widow of the deceased; second, if there be no widow, then to the children, or, if there be no children surviving, to the father or mother of the member; third, if there be no widow, child, or parent, the member may designate in the lodge book to whom the endowment of $500 shall be paid, "provided, however, that the

beneficiary or beneficiaries so designated shall be either an affianced husband or an affianced wife, a child by legal adoption, a relative of or person dependent upon the person named in the benefit certificate." The by-laws further provide that each lodge shall keep a declaration book, for the purpose of having designated therein the beneficiary or beneficiaries of the endowment as allowed or permitted by that law of the order, and that "no other declaration than the one so entered in such book shall be considered as sufficient."

Fabian Hepner died on or about December 9, 1907, and had made no designation of a beneficiary, and left no last will or testament, and was survived by neither widow, child, nor parent. Upon these facts the plaintiff claims that the next of kin are entitled to the sum of $500.

We need not consider whether the change of constitution and by-laws, made after Hepner became a member of the order, could affect him. The plaintiff has certainly no cause of action, unless one accrues by reason of this change. Under the rules of the order existing at the time that the contract of membership was originally made, the designation of a beneficiary was a condition precedent to a right to recover. See Hellenberg v. Dist. No. 1 of I. O. of B. B., 94 N. Y. 580.

The appellant, however, contends that the change in the constitution made thereafter shows an intent that, whether or not a designation is made, the amount of the death benefit was to be paid, and the only effect of a designation, if made, is to divert the payment from the next of kin to the designated beneficiaries. I fail to find such an intent in the new constitution. The defendant is a fraternal order, and one of its purposes is to provide for the families of its members. For this purpose it has instituted a system of death benefits. These benefits are payable to the wife, children, or parents of the members, without requiring a specific designation, apparently upon the theory that these persons are naturally entitled to the bounty and protection of the member. If the member has no relatives of this degree, but has other relatives or persons dependent upon him, he may designate such relatives or persons, or any of them, as beneficiaries to whom the death benefits are to be paid. The order has no interest in enriching the estate of the member, and has never agreed to pay any death benefit to his estate. A failure to designate involves no forfeiture of the right of the member to a death benefit, because the member has no personal right to the death benefit. He has simply a right to designate certain persons within a limited class as the persons to whom a payment shall be made upon his death. The defendant has agreed to pay to these designated persons, and to no one else. The plaintiff and his assignors are not persons designated, and the defendant has not agreed to pay to them or their intestate any sum of money.

Judgment should be affirmed, without costs. All concur.