Arnold Hepner, Appellant, *v.* The United States Grand Lodge Order Brith Abraham, Respondent.

(Supreme Court, Appellate Term, July, 1910.)

Fraternal and mutual benefit associations: Insurance contract — Construction of contract in general: Designation and change of beneficiaries and right to benefit — Designation of beneficiary — Effect of provision in by-laws making benefits payable to particular classes.

Where, when a person became a member of a benevolent association, its by-laws provided for the payment of a certain sum upon the death of a member to his wife, children or parents, or, if no wife, children or parents survive, then to such person as the member may designate and, if the member fail to make a designation, then the money collected by the endowment committee to be applied to the payment of the next occurring death, and the member's certificate provided that the benefits mentioned therein should be paid only as provided for by the laws of the association, upon the member's death, without having designated a beneficiary and leaving no last will or testament and survived by neither widow, child nor parent, his next of kin may not recover the amount from the association.

And where, after the member united with the association, a new certificate was issued to him which provided that he should be entitled to all the benefits provided by the constitution and laws, subject, however, to compliance therewith as they then existed or might thereafter be amended or modified, all of which were to be taken as a part of his certificate and constitute the contract between the member and the association; and where the laws of the association were afterward modified so as to provide that upon a member's death the benefit should be paid, first, to the widow; second, if there should be no widow, then to children; or, if there were no children surviving, then to the father or mother of the member; third, if there should be no widow, children or parent, the member might designate the payee provided the person so designated should be either an affianced husband or an affianced wife, a child by legal adoption, a relative of or person dependent upon the person named in the benefit certificate, upon his death as aforesaid his next of kin, not coming within the description of the laws of the association mentioned, may not, under such subsequent certificate and laws, recover the amount of the benefit from the association.

APPEAL by the plaintiff from a judgment of the City Court of the city of New York, entered in favor of the defendant after a trial by the court without a jury, on an agreed statement of facts.

Milton Hart (Solon B. Lilienstern, of counsel), for appellant.

Goldfogle, Cohn & Lind (Charles L. Cohn, of counsel), for respondent.

LEHMAN, J.    The plaintiff sues, individually and as assignee of his surviving brothers and sisters, representing all the next of kin of his deceased brother, Fabian Hepner. The case was submitted upon an agreed statement of facts. It appears that Fabian Hepner joined the defendant order on or about February 27, 1887.    Under the laws of the order existing at that time, a certificate of membership was issued to him.    This certificate provided for a payment of $500 upon the death of the member or the member's wife upon compliance with all laws, rules, regulations and prac-

tices of the order. It further provided that "the benefits in the within certificate mentioned and described shall be paid to such member or beneficiaries only as are named in and provided for by the laws of the Order Brith Abraham and to no others." At that time the constitution and by-laws provided that the benefit should be paid to his wife, children or parents or, if no wife, children or parents survive, then to such person as the member may designate; and, if the member failed to make a designation, then the money collected by the endowment committee was to be " applied to the payment of the next occurring death."

In October, 1901, a new certificate was issued to the plaintiff's brother, which provided that the deceased was entitled to all the benefits provided for in the constitution and laws of the order, "subject, however, to h  compliance at all times with the constitution, laws and regulations of said order, and of the subordinate lodge to which  belongs, as they now exist or as they may hereafter be amended, altered or modified, all of which are to be taken as a part hereof, and constitutes the contract between such member and this order." It also provides that the order agrees " that upon the death of such member the sum of five hundred dollars, when collected by assessments at the time and in the manner provided for by the said constitution and laws of this order, shall be paid to h  beneficiary or beneficiaries under this certificate and the constitution and laws of this order shall be confined to and relate only to the class or classes of beneficiaries mentioned and set forth in the constitution and laws of said order, as defined in and set forth in such constitution and laws." In the year 1905 the constitution and by-laws were revised. The revised constitution is now the organic law of the order and this provides that upon the death of a member the sum of $500, to be collected from all the members of the order, shall be paid in the manner following: *First,* to the widow of the deceased; *second,* if there be no widow, then to the children, or, if there be no children surviving, to the father or mother of the member; *third,* if there be no widow, child or parent the member may designate in the lodge book to whom the

endowment of $500 shall be paid, "provided, however, that the beneficiary or beneficiaries so designated shall be either an affianced husband or an affianced wife, a child by legal adoption, a relative of or person dependent upon the person named in the benefit certificate." The by-laws further provide that each lodge shall keep a declaration book for the purpose of having designated therein the beneficiary or beneficiaries of the endowment as allowed or permitted by the laws of the order and that "no other declaration than the one so entered in such book shall be considered as sufficient." Fabian Hepner died on or about December 9, 1907, and had made no designation of a beneficiary and left no last will or testament and was survived by neither widow, child nor parent.

Upon these facts the plaintiff claims that the next of kin are entitled to the sum of $500. We need not consider whether the change of constitution and by-laws made after Hepner became a member of the order could affect him. The plaintiff has certainly no cause of action, unless one accrues by reason of this change. Under the rules of the order existing at the time that the contract of membership was originally made, the designation of a beneficiary was a condition precedent to a right to recover. See Hellenberg v. Dist. No. 1 of I. O. of B. B., 94 N. Y. 580. The appellant, however, contends that the change in the constitution made thereafter shows an intent that whether or not a designation is made the amount of the death benefit is to be paid, and the only effect of a designation, if made, is to divert the payment from the next of kin to the designated beneficiaries. I fail to find such an intent in the new constitution. The defendant is a fraternal order and one of its purposes is to provide for the families of its members. For this purpose it has instituted a system of death benefits. These benefits are payable to the wife, children or parents of the members without requiring a specific designation, apparently upon the theory that these persons are naturally entitled to the bounty and protection of the member. If the member has no relatives of this degree, but has other relatives or persons dependent upon him, he may designate

such relatives or persons or any of them as beneficiaries to whom the death benefits are to be paid. The order has no interest in enriching the estate of the member and has never agreed to pay any death benefit to his estate. A failure to designate involves no forfeiture of the right of the member to a death benefit, because the member has no personal right to the death benefit. He has simply a right to designate certain persons within a limited class as the persons to whom a payment shall be made upon his death. The defendant has agreed to pay to these designated persons and to no one else. The plaintiff and his assignors are not persons designated, and the defendant has not agreed to pay to them or their intestate any sum of money. Judgment should be affirmed, without costs.

GIEGERICH and DAYTON, JJ., concur.

Judgment affirmed, without costs.