FREDERICK H. SMITH, APPELLANT, *v.* THE NATIONAL BENEFIT SOCIETY OF THE CITY OF NEW YORK, RESPONDENT.

*An insurance policy, obtained by a person with intent to commit suicide, is void although it contains no condition as to the manner of death.*

John Tyler, who, in June, 1886, was indebted to the plaintiff in the amount of over $100,000, procured from the defendant an insurance upon his life for that sum, and subsequently, under a rule of the defendant, the plaintiff was substituted as beneficiary under the policy.   Tyler died on November 11, 1886.   In an action, brought by the plaintiff to recover the amount of the policy, it was proved on the trial that the deceased obtained the policy with intent to take his own life, and that he was sane at the time he obtained it.

The deceased, who was poor and frequently in need of money, within the year previous to his death obtained insurance on his life in different companies to the amount of $282,000, divided among thirty-six different companies, none of the policies issued to him containing any conditions as to the cause of death.

*Held,* that there was a legal fraud in the inception of the policy, and that it never had any binding force in Tyler's hands.

That the plaintiff stood in no better position with reference to the policy than Tyler,

That the fact that the deceased had designated the plaintiff as a beneficiary did not require the court to exclude evidence of his declaration, made the day preceding his suicide, as he was the owner of the policy until he died, and the plaintiff was in no better condition in respect to the policy than the decedent's representatives would have been if they had brought the action.

*Swift* v. *Massachusetts Mut. Life Insurance Company* (63 N. Y., 186) followed.

APPEAL by the plaintiff from a judgment recovered at the Kings County Circuit Court on February 6, 1888, and entered in the office of the clerk of Kings county on February 24, 1888; and also from an order denying a motion made by the plaintiff for a new trial upon the minutes of the justice presiding at the trial, which was dated February 11, 1888.

*Joseph A. Shoudy*, for the appellant.

*A. J. Perry*, for the respondent.

BARNARD, P. J.:

The plaintiff was creditor of one John Tyler to the amount of over $100,000 Tyler in June, 1886, procured from the defendant an insurance on his life for that sum, and subsequently, under a rule of the defendant, the plaintiff was substituted as beneficiary under the policy. Tyler died November 11, 1886. The plaintiff furnished proofs of death, and the loss was not paid. This action is brought to recover the amount of the policy. The defense is that the insured, Tyler, obtained the policy with the intent to commit suicide and thus to defraud the insurance company out of the insurance money. The policy contained no clause that death by suicide avoided the policy. The proof is abundant that the deceased obtained the policy with the intent to take his own life, and that he was sane at the time he obtained the policy, and the jury so found. The deceased was poor and frequently in need of money, and within the year previous to his death obtained insurance on his life in different companies to the amount of $282,000, divided among thirty-six different companies.

On the day before his death he wrote to his mother that all his policies were in companies which make "no conditions as to cause of death" * * * "so that my plans are so laid that if I cannot benefit or help myself, I can help those whom I should help if I could." On the day preceding the date of this letter, he had given

directions for his burial, and indicated suicide by the words, "I assume all responsibility for this and other acts of mine." The policy was clearly a fraud upon the defendant, without any condition that suicide avoided the policy. The deceased designed to get a large aggregate of insurance. He was unable and did not intend to continue the payment of the premium until death came naturally, but his purpose was to provide for creditors and family by causing his own death. This was a legal fraud in its inception, and a policy thus obtained never had any binding force in his hands. The deceased had the right, with the consent of the company, to change his beneficiary from time to time, without the consent of such payee or beneficiary. (Laws of 1883, chap. 175, § 18.) Under this section the plaintiff was designated, and the designation was never changed. The plaintiff got no separate standing by the designation under the policy before the date of the death ; before that the sole right was in Tyler. (*Hellenberg* v. *District No.* 1, *I. O. of B. B.*, 94 N. Y., 580.) The deceased, by his designation of plaintiff as beneficiary did not make a case to exclude evidence of his declaration.

He stood as owner until he died, and the plaintiff was in no better condition in respect to the policy than if the decedent's representative had brought the action. The case is, therefore, different from that class of cases which hold that evidence of the declaration of an assignor cannot be received to impeach the title of the assignee, and falls under *Swift* v. *Massachusetts Mutual Life Insurance Company* (63 N. Y., 186.) The charge of the judge was correct. The jury were told that if the deceased took out the policy with the intent to commit suicide, and did, in fact, commit suicide in pursuance of that intent, the action failed if the deceased was sane when he took his own life, if he did so take it. This covers the whole case, and the request to introduce an application of other questions on probable conclusions from the evidence was properly refused. These considerations seem to cover the entire case, and, therefore, the judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.