### TIDD v. McINTYRE et al.

(Supreme Court, Appellate Division, Fourth Department. December 28, 1906.)

INSURANCE—MUTUAL BENEFIT INSURANCE—CHANGE OF BENEFICIARY.

> The by-laws of a beneficial association provided that a member, desiring to change his beneficiary, might do so by surrendering his certificate, with a written request on a form provided on the certificate, and delivering the same to the record keeper of his local lodge, with a certain fee, and whereupon the supreme record keeper should issue a new certificate. A certificate named the member's deceased wife as his beneficiary, and he agreed orally with plaintiff, his niece, that she should provide a home and care for him during his life and receive the amount payable under the certificate on his death, and plaintiff fully performed the agreement on her part. After the making of the agreement the member mailed his certificate to his local recorder, with a letter requesting that the beneficiary be changed according to the agreement; but the recorder, under the mistaken impression that the plaintiff was his only niece, advised him that she would receive the benefit without any change. *Held* that, the association having paid the money into court, as between plaintiff and other nieces of the member equity required that plaintiff should be regarded as the sole beneficiary.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1951.]

Appeal from Special Term, Erie County.

Action by Ada A. Tidd against Hattie McIntyre and others. Judgment for plaintiff, and defendants McIntyre and Ella Sessions appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Frank L. Crane and James E. Bixby, for appellants.
Root & Orton, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs.

The action is in equity to determine the interests of the plaintiff and the defendants McIntyre and Sessions in a fund of $900 in the hands of the defendant Drummer, trustee. In the year 1890, one James H. House became a member of the Maccabees by joining Lumber City Tent, No. 93. Mary C. House was his wife. She died March 21,

1904, and he died May 2, 1905. His only surviving heirs and next of kin were his three nieces, the plaintiff and the defendants McIntyre and Sessions, and two nephews, Alphonso House and Linn Le Barron. The certificate of membership issued to deceased when he became a member of the association named his wife as the beneficiary. He remained a member in good standing until his death. In December, 1899, he having become wholly disabled, and having surrendered his original certificate, the association issued to him a permanent total disability certificate for the amount of his original certificate, $2,000, naming his wife as beneficiary at his death for any amount not paid to him during his lifetime. Under this certificate the deceased received $1,100, and at his death there remained unpaid to him the sum of $900.

Unless the plaintiff establishes an equitable right to the whole fund by reason of some things that occurred after the wife died, then the fund belongs to the plaintiff and the two defendants McIntyre and Sessions; each taking the one-third thereof. By agreement of the three parties, the fund (voluntarily paid over by the association) has been placed in the hands of the defendant trustee, to await the result of this action. The plaintiff claims an equitable designation or assignment was made, which entitles her to the whole fund. Section 358 of the rules provides that any transfer of a certificate, or any interest therein, by assignment, will, or in any manner except as therein provided, should be void. Section 359 provides that a member, desiring to change the beneficiary in his certificate, shall surrender the old certificate, making a written request in form provided on the certificate that a new one be issued, naming such new beneficiary, and deliver the certificate and request to the record keeper of his tent, with a fee of 50 cents. Section 360 provides that the record keeper shall forward the old certificate, request, and fee to the supreme record keeper, who shall issue the new certificate as requested. The facts found by the court as to the designation of a new beneficiary, or the transfer of the certificate, and upon which the decision was based, were as follows:

Soon after the death of his wife deceased agreed with plaintiff orally that the plaintiff should provide a home and care for deceased while he should live in plaintiff's home, and that in consideration thereof what should remain payable under this certificate, with all his other property left by him at his death, should belong to and be plaintiff's property. From the time this agreement was made, until his death, deceased was in ill health, old, and physically weak and disabled. Plaintiff fully performed the agreement on her part. After making this agreement, deceased mailed his disability certificate to his tent recorder, with a letter requesting that it be changed so as to make the plaintiff the beneficiary designated therein. He also saw the said recorder personally, and requested that such change be made, and the recorder, under the mistaken impression that the plaintiff was his only niece, advised him that she would get the benefit any way and that such change was not needed, and returned the certificate to the deceased. Deceased intended to designate the plaintiff as beneficiary, believed it was done, and so informed plaintiff; but he never made a written request in the form provided on the back of his certificate, never delivered the certificate, with such request inclosed, to the tent recorder, and

never paid to him the fee of 50 cents required by the rules of the association.

These findings were supported by the evidence. There was some conflict between the parties and their witnesses, but we are not inclined to disagree with the court as to the conclusions arrived at. It is evident that the agreement between plaintiff and deceased was made, that plaintiff kept and performed it on her part, that deceased intended her to be the sole beneficiary, that he made an effort to bring it about in the manner provided by the rules of the association and failed because of the mistaken advice of the tent recorder, and that he believed it was so arranged that plaintiff would be his sole beneficiary and told her so. Upon these facts the court decided as matter of law that there was an equitable assignment of the fund by deceased to plaintiff, and she was entitled to the whole of it, and the defendants McIntyre and Sessions had no interest therein. Judgment was ordered accordingly.

The main contention of the appellants as to this conclusion of law is that, the rules of the association not having been complied with as to change of beneficiary or assignment of the certificate, the attempted transfer to the plaintiff was void, and no rights were acquired thereby, in law or in equity. Our attention is called to several cases, mostly in the Court of Appeals, bearing upon the question here involved, which do not seem to be in harmony with each other, and which we need to analyze and consider carefully before arriving at a conclusion as to the rights of the parties in this fund.

Hellenberg v. Ind. Order, etc., 94 N. Y. 580: This action was directly against the association. The certificate designated the mother as the beneficiary. She died before the member, and no other designation was made. The court held no one could recover the amount of the certificate, because the association did not agree to pay any one except the regularly designated beneficiary, and there was no such one; that the member had no interest in the fund which would pass to his personal representatives or under his will. He had merely a power of appointment of a beneficiary, and nothing more. For such a failure of common justice, the rules and regulations of the association, and not the judgment of the court, were very likely responsible. We call attention to this case because it is cited in some of the subsequent cases.

Luhrs v. Luhrs, 123 N. Y. 367, 25 N. E. 388, 9 L. R. A. 534, 20 Am. St. Rep. 754: The action was apparently brought against the association. The defendant, another claimant, was substituted for the association; the money being paid into court. The member originally designated his wife as beneficiary. The rules provided the beneficiary might be changed by surrendering the old certificate to his lodge, paying 50 cents, and directing as to the new beneficiary. These were to be transmitted to the supreme lodge, and the new certificate was then to be issued. The member indorsed on his old certificate a direction to change the beneficiary, so as to make his sister such beneficiary, instead of his wife, and delivered same, with 50 cents, to his lodge, and they were sent to the supreme lodge, where the old certificate was canceled and the new one issued; but the member died the day the papers were mailed by his lodge to the supreme lodge and

before they were received by the latter. The plaintiff, the widow, and the defendant, the sister, both claimed the fund. The court awarded it to the sister, the beneficiary in the new certificate, holding that the member had done all he could to effectuate the change, all that remained to be done was merely formal, the supreme lodge had no discretion as to its acts, and the old certificate was properly surrendered to the branch lodge, the authorized agent of the association, and the subsequent issuing of the new certificate related back to the time of such surrender. These designations were without consideration. The court assumed the rules had to be complied with in order to effect a change of the beneficiary, but went a long way to hold that the rules were substantially so complied with.

Smith v. Society, 123 N. Y. 85, 25 N. E. 197, 9 L. R. A. 616: The action was against the association itself. The member, after taking the insurance, procured the plaintiff, as security for a debt, to be substituted as beneficiary, under the rules of the society. Fraud was alleged in the inception of the insurance, and the trial court found the member took it with the design to commit suicide, and therefore the contract of insurance was void, and no recovery could be had by the creditor. The courts, on appeal, affirmed the trial court. Both appellate courts, in considering questions as to the admissibility of evidence, referred to and discussed Hellenberg v. Ind. Order, above. The Court of Appeals, in its opinion, said:

"The General Term questioned his (plaintiff's) right, considered as an assignment carrying a vested interest, and rely upon section 18, c. 175, p. 179, of the Laws of 1883, under which the defendant company was organized. That section attaches the beneficial interest to the membership, and permits the member to change the payee or beneficiary of the insurance without the latter's consent. Where the right of the payee has no other foundation than the bare intent of the member, revocable at any moment, there can be no vested interest in the designated beneficiary, any more than in the legatee of a will before it takes effect. But the statute does not prevent a contract between the parties by force of which a vested interest does pass, in which respect this case differs from Hellenberg v. Ind. Order, etc., supra. There the designation was in the nature of an inchoate or unexecuted gift, revocable at any moment by the donor, and remaining wholly within his control. Here the transfer was a collateral security for an existing debt," etc.

Thomas v. Thomas, 131 N. Y. 205, 30 N. E. 61, 27 Am. St. Rep. 582: The action was against the association and another claimant. The original beneficiary was the daughter; the member being then unmarried. Later he married, and then himself inserted his wife's name on the certificate as a joint beneficiary with the daughter, without the knowledge of the association. The court held the wife had no interest in the fund, and awarded the whole to the daughter. The association took no part in the litigation, but held the fund as trustee to pay over to whichever claimant the court should decide was entitled to it. There was no consideration for the change of beneficiaries, and the court held it was not a case where equity could interfere to remedy a defective execution of a power.

Conselyea v. Supreme Council, 3 App. Div. 464, 38 N. Y. Supp. 248, affirmed without opinion 157 N. Y. 719, 53 N. E. 1124: The action was directly against the association. The wife was designated as beneficiary in the certificate. Subsequently trouble arose between

the husband and wife, and they separated. It was agreed between them that she should have the benefit of the certificate and that he would not change the beneficiary. He gave her the certificate, and she paid or tendered all the assessments thereon until he died. About a year prior to his death he made an effort to deprive her of the benefit of the certificate and to terminate his membership, and from that time the association refused payment of the assessments, tendered by the wife. It was held that the membership continued till death; that the wife, under the agreement of separation, acquired the certificate upon her promise to pay future assessments, and that she thereby acquired a vested interest in the certificate, which the husband could not deprive her of; that, as she was the original beneficiary, she need not base her rights upon the agreement of separation, but might hold as such original beneficiary, with the additional circumstance that she received it for value and made payments thereon.

Sabin v. Phinney, 134 N. Y. 423, 31 N. E. 1087, 30 Am. St. Rep. 681: The action was against the association, and another claimant was a party defendant also. Certificates were issued to husband and wife. In the former the wife was designated as beneficiary, and in the latter the husband was so designated. For a time the husband paid the assessments on both certificates. Then they had trouble and separated, and the husband took the certificate on his life, and the wife the one on hers. Thereafter the husband changed the beneficiary of the certificate on his life, making one Phinney the beneficiary in the place of his wife. At his death the wife claimed the fund on the grounds: (1) That Phinney had no insurable interest in the husband's life; (2) that the wife had a vested interest in the certificate. The court held the husband might designate any one as his beneficiary, whether he had an insurable interest or not, and that the wife never paid any assessments on her husband's certificate, and there was no pecuniary consideration giving her a vested interest in the certificate. The husband had, therefore, a right to change the beneficiary without his wife's consent.

Kimball v. Lester, 43 App. Div. 29, 59 N. Y. Supp. 540, affirmed without opinion 167 N. Y. 570, 60 N. E. 1113: The action was against the association. The fund was paid in court, and the other claimant made defendant. The member designated his wife the beneficiary in the certificate. There was a judgment against the husband. The defendant agreed to pay this judgment, and in consideration of such agreement the husband and wife both assigned their interests in the certificate to the defendant as collateral security for the repayment to him of the amount of the judgment. Defendant paid the judgment. The husband died. The wife claimed the whole fund. The court sustained the claim of the defendant to the part of the fund claimed by him, holding that the association waived the claim that the defendant was not a person to whom the certificate could be assigned, who could be made a beneficiary, and that the assignment was not made as required by the rules of the association, that the wife could not avail herself of such noncompliance with the rules, and that the wife was estopped to allege the invalidity of the assignment.

Webster v. Supreme Council, etc., 57 App. Div. 558, 68 N. Y. Supp.

55: The action was against the association. Another claimant was brought in. The litigation was between the two claimants. The association did not answer. The claimants were sisters. The member was their father. He had two certificates, in both of which the mother was named as beneficiary. The plaintiff had the custody of both certificates until the death of the mother, and paid all the assessments thereon, amounting to $743.80, with the father's knowledge. Upon the death of the mother, the two sisters, in their father's presence and with his consent, agreed orally that the defendant should have one certificate and the benefit of all payments made thereon, $388.10, and that a new certificate should be issued, designating her as the sole beneficiary, and should care for her father during his life, and plaintiff should release all interest in that certificate, and the plaintiff should have the other certificate and the benefit of all payments made thereon by herself, $355.70, that a new certificate should be issued, designating her as sole beneficiary therein, and defendant should release all interest, if she had any, in this certificate. This agreement was carried out, and the old certificates were surrendered, and the new ones issued. The father lived with the defendant for three years, and until he died, and defendant received the full amount of her certificate after his death. The father, about two years prior to his death, called upon the plaintiff for her certificate, saying he wanted to change the beneficiaries so that the two sisters should be equal beneficiaries therein. The plaintiff refused to deliver the certificate. Thereupon the father presented an affidavit to the association, stating that the certificate which the plaintiff had was lost, and procured a new one, designating the two sisters equal beneficiaries, and soon after he procured another certificate, designating the defendant the sole beneficiary therein. The court held that the plaintiff had a vested interest in the certificate she held, and that she could not be deprived of it by her father, sister, or the association, who had notice of her rights; citing Smith v. Society, Conselyea v. Supreme Council, and Kimball v. Lester, supra.

Fink v. Fink, 171 N. Y. 616, 64 N. E. 506: The action was against the association, and another claimant was a party defendant. The mother of the member was designated as beneficiary in the original certificate. The certificate was delivered to her, and she retained it till his death. Six months before his death the member married, and soon after procured the association to issue another certificate, designating his wife as beneficiary, and he delivered that certificate to the wife, who retained it till his death. It seems to have been assumed that the change of beneficiary from mother to wife was properly made, although the original certificate was not surrendered; the rules only requiring the request by the member and the payment of a fee of 25 cents. About two weeks before his death, while the member was with his mother and the wife was home with her own people, he wrote to a collector of the association, requesting a new certificate, designating his mother as beneficiary, and inclosed 25 cents, the fee. The collector received this letter, and wrote the wife, asking her to surrender her certificate. She declined to do so, and on the day the member died the collector wrote the association that the member desired a new certificate issued, desig-

nating the mother as beneficiary, and inclosed the 25 cents. He did not forward the member's letter to the association. On the same day the member wrote direct to the association, referring to his former letter, and asking again the issue of a new certificate, designating his mother as beneficiary, and inclosed the 25-cent fee. This letter was mailed and registered, but was not received at the office of the association until the day after the member's death. He made a will, also, the day of his death, giving the fund to his mother. Both the mother and the wife claimed the fund. It will be seen there was no consideration for the alleged transfer of the certificate or designation of beneficiary, and no vested interest in the certificate or fund. It was merely a question of the actual formal change of beneficiary. The Court of Appeals held the wife entitled to hold under her certificate, which was issued regularly and according to the rules of the association; that the attempt to change the beneficiary to the mother was ineffectual, because the first letter was sent to the collector, who had no authority to act for the association in the matter, and the 25 cents sent to him and the letter by the member direct to the association and the 25 cents inclosed therein did not reach the association till after the member's death; and therefore no change of beneficiary was effected during his lifetime, and at his death the title of the wife became absolute, and nothing thereafter done by the association could affect her rights. This case attempts to distinguish Luhrs v. Luhrs, supra; but the distinction is rather fine.

Lahey v. Lahey, 174 N. Y. 146, 66 N. E. 670, 61 L. R. A. 791, 95 Am. St. Rep. 554: The action was against the association, and another claimant was made defendant. The original certificate designated the wife of the member as beneficiary. Fourteen years after the issue of the certificate the member and his wife had trouble and separated. The wife took the certificate with her when she left her husband. Some time afterwards the member became sick, and went to live with his mother, and promised her, if she would take care of him, he would reimburse her by changing the certificate so as to make her beneficiary therein. She cared for him for some time, and his branch lodge of the association furnished him with a doctor and some necessaries. He then made and executed a writing, stating that he desired to change his certificate (being for $2,000), so that his wife should have $1,000, his mother $500, and his branch $500 for doctors' bills and funeral expenses. He sent this writing to the association, but did not surrender the original certificate, because his wife, who held it, would not give it up. By reason of the failure to surrender the original certificate, the association would not issue a new one, making the change in beneficiaries requested. After that the wife induced the husband to come back to her, and he did go back, against the protest of his mother, and remained with his wife till he died. It was claimed, after that, that he said he had made no change in beneficiary, as indicated in his written request he desired to, and wanted his wife to have the whole fund. After his death this action was brought. One thousand dollars was paid to the wife, and the other $1,000 was paid into court, and the question litigated was who was entitled to this latter amount. It will be observed there was a consideration for the alleged change in the certificate and the beneficiaries therein designated, and a vested interest therein in be-

half of the mother and the branch lodge of the association, and there
was more or less discussion of these questions in the opinion; the deci-
sion being finally put upon the ground that the wife's retaining of the
certificate and refusal to surrender it was wrongful, and by reason
thereof a proper transfer was prevented, and that she should not be
permitted to profit by her own wrong, and equity should aid the mother
and branch lodge, and consider that done which ought to have been
done.  In the course of the opinion the court says:

> "Assuming, as we must, that the plaintiff withheld the certificate after the
> assured had requested its surrender, did that enable him to change his bene-
> ficiary without its surrender and to effect an actual change in a manner not
> provided for by the by-laws of the association?  If the question had arisen
> between the defendant and the association, it is quite possible that she could
> not have recovered.  But that is not this case.  Here the question of the
> liability of the association to the defendant is not involved.  It has discharged
> its liability upon the certificate by payment into court, so that the question
> involved in this case arises between two alleged beneficiaries, and the point
> presented is whether the nonsurrender of the certificate was a bar and pre-
> vented the defendant from recovering in equity, in view of the fact that the
> plaintiff refused to surrender the certificate upon her husband's demand and
> thus prevented a change in the manner required by the by-laws of the associa-
> tion."

Coulson v. Flynn, 181 N. Y. 62, 73 N. E. 507:  Two actions were
brought against the association by conflicting claimants.  The amount
claimed was paid into court, one of the actions was discontinued, and
the claimants litigated between themselves in the other action the right
to the fund.  The original certificate designated defendant Flynn as
the beneficiary.  The plaintiffs, sisters of the member, claimed Flynn
was not entitled to be made a beneficiary under the rules of the associa-
tion, and his designation was void, and they were therefore beneficiaries
under such rules.  It was held by the Court of Appeals that the asso-
ciation might waive the provisions of its rules and permit a beneficiary
to be designated contrary to their provisions, and did so in this case,
and the plaintiffs could not take advantage of the failure to comply
with the rules in such designation, nor could the association itself take
advantage thereof; it having issued the certificate with full knowledge
of the facts.

It will be seen, by examining these cases, that while, as a general
rule, the change of beneficiaries must be made as provided by the rules
of the association, yet where the association has paid the money into
court and has no interest in the litigation, which is between the claim-
ants alone, and where there is a consideration for the change of benefi-
ciaries, and a party has acquired a vested interest in the fund, equity
will aid the party having such interest and will regard as done what
ought to be done.  Where the designation is voluntary, a mere gift,
the courts enforce quite strictly a compliance with the rules as to change
of beneficiary, but not so where there is a consideration for the transfer
and a vested interest in the fund.  In this case there was a considera-
tion for a transfer, a vested interest in the fund, and a clear intent to
transfer and to make the plaintiff the sole beneficiary.  The member
supposed it was all right, as he desired it to be, and as he had agreed it
should be.  The plaintiff had, in reliance upon the agreement to make

her the sole beneficiary, performed fully on her part the agreement to care for her uncle. The failure to have the transfer made as provided by the rules was the result of the mistaken advice of the tent recorder.

Equity requires that the plaintiff shall be regarded as the sole beneficiary, or the equitable assignee, and entitled to the whole fund. And the trial court was justified in so adjudging and ordering the judgment it did.

Judgment affirmed, with costs. All concur.