## COMPETENCY OF DECLARATIONS BY AN INSURED AS TO HIS PHYSICAL CONDITION.

Common Pleas Court of Hamilton County.

EUGENE DALEY v. BROTHERHOOD OF RAILWAY TRAINMEN.

Decided, May, 1908.

*Life Insurance—Statements Made by Insured in his Application Claimed to have been False—Evidence as to Oral Declarations Made Contemporaneously Held not Competent—Same Rule Applicable to Ordinary Life and to Beneficial Associations.*

In actions upon contracts of life insurance the general rule as to declarations made by the deceased are applicable where the policy was held in a mutual benefit society, and oral statements made by the insured with reference to his physical condition prior and subsequent to the time of the filing of his application for insurance are not competent for the purpose of showing the falsity of the written answers contained in his application.

The defendant is a fraternal beneficiary association under the laws of Ohio. In March, 1904, James Daley was admitted to membership, and about March 28 the defendant issued and James Daley accepted a beneficiary or insurance certificate by which at his death in accordance with and subject to his conditions set forth in the certificate and the constitution and by-laws of the association there was to be paid to the plaintiff, Eugene Daley, the sum of $1,350. This certificate was issued after and as the result of a written application therefore made March 20, 1904, by James Daley. In this application James Daley made certain statements in the form of answers to certain questions printed on the application blank. James Daley died April 28, 1904, and this suit is brought by Eugene Daley upon the insurance certificate.

The defendant says that some of the statements of James Daley in his application were false, and in its answer sets up specifically in what respect such statements are claimed to be false, and further says that such insurance certificate would not

have been issued except by reason of defendant's reliance on the truth of such statements as made.

During the trial the defendants offered evidence of oral statements or declaration of James Daley, before and after the issuance of the insurance certificate, as to his physical condition at and before the time such oral statements were made. Such declarations were not offered as expressions of physical condition, but as declarations in the nature of admissions. Objections to such evidence were sustained. The jury brought in a verdict for the plaintiff, and the defendant filed a motion to set aside this verdict and for a new trial.

*William Littleford* and *H. Q. Frost,* for plaintiff.
*Hoffman, Bode & LeBlond,* contra.

HUNT, J.

Opinion on motion for new trial.

The findings of the jury as to the facts necessary for them to find in arriving at their verdict should not be disturbed, upon the ground that they are against the weight of the evidence. .  ..

All the points of law raised upon the hearing on motion for new trial were urged in the same form during the trial except one, that is, as to the refusal to admit evidence of the declarations or admissions of the deceased in regard to his health.

During the trial the competency of these declarations was claimed generally and denied by the court in accordance with the general rule laid down in *Fraternal Mutual Life Insurance Company* v. *Applegate,* 7 O. S., 292; *Union Central Life Insurance Company* v. *Cheever,* 36 O. S., 200; and *Union Central Life Insurance Company* v. *Buxer,* 62 O. S., 385-400, to-wit, that the declarations of the deceased made prior or subsequent to the application and not part of the *res gestae* of an act as to which evidence was admissible, nor tending to show that the statements in the application were to the knowledge of the applicant untrue, are not competent in an action brought by a beneficiary upon a policy of insurance. The first case referred to applies to subsequent declarations and the second to prior declarations.

During the trial no claim was made that the rule was any different as applied to ordinary life insurance companies than to mutual beneficiary associations, but upon the motion for a new trial, while it is admitted that the general rule is applicable to the former, its application is denied as to the latter. The case of *Foxhever* v. *Order of Red Cross*, 2 C. C.—N. S., 394, is cited in support of such distinction and exception to the general rule. The real question in that case as stated on page 398 is whether or not the deceased was a member of the order at the time of his death, that is, whether he had been properly expelled from the order during his life time, and if not whether he had not acquiesced in an informal expulsion and had thereby ceased to be a member. The case was decided on the authority of *Dimmer* v. *Supreme Council et al*, 22 C. C., 366, wherein it was held that a three years acquiescence in a void expulsion terminated deceased's membership in the order and voided the insurance certificate.

In the Foxhever case the declarations were explanations of the deceased's conduct in acquiescing in his expulsion, and were competent as part of the *res gestae* of such acquiescence, which was a relevant fact. The recognition of the distinction and exception now claimed was only incidental, the court citing Niblack and Bacon in support thereof.

Niblack on Beneficial Societies, Section 325, and Bacon on Beneficial Societies, Section 460, recognizes such distinction, but the cases cited by them and by the Ency. of Evidence, Vol. 7, page 535, with few exceptions, are not authority for the general distinction attempted to be made by Niblack and Bacon, although authority for the admission of such declarations under certain circumstances.

An examination of the cases cited by these authorities, and of other cases upon the same subject, shows that the statements of such authors are rather the expressions of what they think the law ought to be than what it is, and the reasons given by them for such statements, to-wit, that the insured could at any time change the beneficiary of the policy, is only to a greater degree applicable to mutual beneficiary certificates than it is to ordi-

nary policies of insurance in which the right of the insured to change the beneficiary is frequently reserved.

It seems to me that such authors, and the few cases which refer to or support the distinction made by them, fail to recognize or at least fail to give full effect to the fact that the validity of mutual beneficiary certificates depends on the insured being a member of the order or society at the time of his death, and fail to recognize that in many of the suits upon such certificates the issue is not as to the truth or falsity of the statements in the application, but whether or not the insured was a member in good standing at the time of his death, or whether or not such question of membership had not already been tried by the order itself, and acted upon formally or informally in such a manner or with such acquiescence on the part of the member as to have precluded the' member during his lifetime from claiming otherwise.

The case of *Hanson* v. *Supreme Lodge of K. of H.*, 140 Ill., 301, referred to by Niblack, is such a case. There is no question that a member of a beneficiary order can at any time terminate his membership, and can make admissions or declarations and waivers of rights upon which the society can act in terminating his membership, and that even if such membership is terminated informally by the society the member can by his conduct be estopped from claiming that he is a member, and if the validity of the insurance certificate depends upon the insured being a member at the time of his death, any termination of membership binding upon the member will terminate all rights under the insurance certificate.

Necessarily admissions or declarations of the member upon such an issue might be competent, when they would not be competent where there was no claim of any termination of membership formally or informally, and where the issue as to the contractual liability upon the insurance certificate is in no respect different than the ordinary issues upon ordinary life insurance policies.

In the case of *Supreme Lodge K. of P.* v. *Schmitt*, 98 Ind., 374, although the declarations were rejected under the general

rule and as not part of the *res gestae* of a relevant fact, they might also have been rejected because they were in no way connected with the termination of the deceased's membership, which was the real issue in the case.

The case of *Stewart* v. *Supreme Council et al*, 36 Mo. App., 319, was another case in which the issue was as to the membership, and the declarations of the deceased were admitted as part of defendant's waiver of personal notice of suspension and abandonment of membership.

In another class of cases, without regard to whether they were suits upon ordinary life insurance policies or mutual beneficiaary certificates, such declarations were admitted only in connection with other substantive evidence showing falsity of statements in the application, and as evidence of knowledge by the insured of such falsity when the statements in the application were made.    Even then such declarations were required to have been made sufficiently near to the time of the application to charge the applicant with knowledge of such falsity at such time.

Such cases were *Supreme Council et al* v. *O'Connell*, 107. Ga., 97, where a distinction was made as to declarations before and after the application; *Ransom* v. *Milwaukee Mutual Life*, 115 Wis., 641; *Union Central Life Insurance Company* v. *Pollard*, 94 Va., 146; *McGowan* v. *Supreme Council et al*, 104 Wis., 174. In neither of the last two cases was any point made of the character of the company or society, or of the right of the insured to change the beneficiary.    In the same general class of cases belong *Swift* v. *Mass. Mutual Life*, 63 N. Y., 186; and *Thomas* v. *Grand Lodge*, 12 Wash., 500; *Co-operative Association* v. *Laflore*, 53 Miss., 1.

In some cases such declarations were admitted only as part of the *res gestae* of some act relevant in itself.    Such cases were *Smith* v. *National Benefit Insurance Company*, 123 N. Y., 85, in which the declarations were held to be part of an attempt to defraud; *Frank* v. *U. S. Masonic Benefit Association*, 158 Ill., 560.

All such cases, although the declarations were held to be competent, are no authority for excepting mutual beneficiary societies from the application of the general rule as to the exclusion of the declarations of deceased in suits upon the contract of insurance.

The cases of *Life Insurance Company* v. *Winn,* 96 Tenn., 224, where the declarations were offered by the beneficiary himself; *Nix* v. *Donovan*, 18 N. Y. Sup., 435, where the question was only as between beneficiaries; and *Cohen* v. *Continental Life Insurance Company*, 41 N. Y. Sup., 296, where the insured and the beneficiary jointly applied for the insurance, are inapplicable to the question under consideration.

Niblack cites *Smith* v. *Mutual Benefit Insurance Company*, 51 Hun., 575, but on error the upper court, 123 N. Y., 85, sustains the competency of the declarations only as part of the res gestae of a relevant fact. *Steinhauser* v. *Preferred Accident Insurance Company,* 13 N. Y. Sup., 36, a decision of an intermediate court, may be considered as in accordance with the distinction made by Niblack; and *Cullis* v. *Modern Woodmen*, 98 Mo. App., 521, without an examination of the authorities, cites and follows Niblack in the admissions of declarations of deceased as to having had hemorrhages.

The Ency. of P. & P., Vol. 1, p. 573, states that declarations of decedent are admissible where insured had the right to change beneficiary but the cases cited, with the exception of *Steinhauser* v. *Preferred Ac. Ins. Co.,* do not support such statements.

The court has not before it a transcript of the testimony given in this case, and from its own notes and memory the declarations offered in this case seems to have been offered only as evidence of the falsity of statements made in the application by the insured for insurance, and as so offered they would be incompetent under the general rule, and not within the distinctions made in the cases above referred to. The rulings of the court made at the time of trial will therefore be adhered to and the motion for new trial will be overruled.