ANGIE HOFF, Plaintiff, *v.* THE SUPREME LODGE KNIGHTS OF PYTHIAS, EDWARD J. HOFF and MARY HOFF, Defendants.

(Supreme Court, Schenectady Trial Term, December, 1916.)

Benefit societies — charter of fraternal — contracts — insurance (life) — certificate of membership — Insurance Law, § 58.

> The charter of a fraternal benefit society, all the laws, rules and regulations governing its insurance department, together with the application for membership and the certificate issued

thereon, constitute a contract between the society and a member, and the requirement of section 58 of the Insurance Law that every policy of insurance shall contain the entire contract does not apply.

A statute of a fraternal benefit society provided that in case any member desiring to change his beneficiary should be unable to surrender his certificate of membership a new one might issue upon proof of the facts by his affidavit and the execution of such instruments of release or indemnity as should be deemed necessary, and that no attempted change should be. valid until accepted by the board of control.

A member having lost his certificate, issued on condition that the beneficiaries named should have no vested interest therein, and in which his wife was named as one of the beneficiaries, duly applied for a new certificate and a change of beneficiaries substituting his mother in the place of his wife, and released all his right, title and interest in the lost certificate and agreed that it should become void upon the issuance of a new certificate. *Held*, that where on the day the member died the secretary of his lodge mailed to him a proposed consent, the change in the beneficiaries to be signed by his wife, or, in the alternative, that he make affidavit that she paid none of the premiums, which she testified that she had, there was no change of beneficiaries effected.

Motion for a non-suit.

Loucks & Alexander, for plaintiff.

Smith & Moyer, for defendant Mary Hoff.

Daniel Naylon, Jr., guardian *ad litem* of Edward J. Hoff, infant.

Whitmyer, J. The Supreme Lodge Knights of Pythias is an incorporated fraternal benefit society, under an act of the congress of the United States, and has an insurance department, established for the purpose of providing indemnity for the beneficiaries of deceased members. It is governed by a

supreme constitution and a code of statutes, designated "supreme statutes," under which the business of the department is committed to the charge of a "board of control," subject, however, to the direction of the society. On January 31, 1911, a certificate of membership in plan "A," in the fifth class of said department, was duly issued to John H. Hoff, who was husband of plaintiff, father of defendant Edward J. Hoff, and son of defendant Mary Hoff. Under it, in consideration of the agreements by him in his application made, the society promised to pay the sum of $1,500 to plaintiff and the sum of $500 to defendant Edward J. Hoff, upon receipt and approval of satisfactory proofs of the fact and the cause of his death, subject, however, to his right to change the said beneficiaries, as therein provided. The certificate was issued subject to the conditions, among others, all expressly assented to, that the charter, all the laws. rules and regulations of the society governing the insurance department, together with the application and any subsequently made applications that might be accepted, and the certificate should comprise the contract between the member and the society; that the beneficiaries named in the certificate should have no vested interest in same and might be changed at any time and as often as the member might desire, upon compliance with the laws regulating changes; that a true copy of the several charters of the society and of the laws thereof, governing said certificate, in force at said time, were delivered to the member, coincident with the delivery to him of the certificate; that additional copies would be furnished upon request, and that copies of amendments and changes, when made, would be mailed to the member at his last known mail address on the books of the society and would be by him attached thereto. Supreme statute No. 475 provides,

in part, that every condition or contract made in the fifth class shall be written or printed in or upon the benefit certificate, except those contained in the application, medical examination and in the laws in force at the date of such certificate. Statutes Nos. 492, 493 and 494 regulate the method of changing beneficiaries. Statute No. 492 reads as follows: "Any Member desiring to change his beneficiary or beneficiaries shall make application on a form provided by the Board. The Secretary of the Section shall attest the same and forward such application with the certificate then in force to said Board, who shall, if the change be in accordance with these Statutes, issue a new certificate, containing the name or names of the substituted beneficiary or beneficiaries. Such change may be made at any time and as often as desired; consent of the existing beneficiary shall not be required, but no change shall be valid, however, until its acceptance by the Board." Statute No. 493 reads as follows: " In case a member, desiring to change his beneficiary, shall be unable to surrender the Certificate then in force from any cause, the Board may issue a new certificate upon proof of the facts by affidavit of the member and the execution by him of such instruments of release or indemnity as shall be deemed necessary, but this shall be optional with the Board, and no attempted change shall be valid, until accepted by the Board." And statute No. 494 reads as follows: "A member whose certificate has been lost or destroyed by fire or other cause, shall be entitled to a duplicate, by making an affidavit stating fully the facts connected therewith. Such affidavit shall be accompanied by a full release of all right, title and interest of the member in and to the certificate lost or destroyed, and he shall request that a duplicate be issued in its stead, which request, release and affidavit shall be forwarded by the Secretary of

the Section, with a fee of fifty cents to the Board, who shall, if the facts set forth in the affidavit justify it, issue a duplicate certificate, but in such cases no change of beneficiary shall be made. If a change of beneficiary is desired in such cases, the provisions of the last two sections, in so far as applicable, shall apply." On October 15, 1913, the certificate holder applied for a duplicate certificate by an application in writing, duly signed and acknowledged by him, and inclosed therewith a fee of fifty cents. In his application, he stated that he could not find and did not know what had become of the certificate which was issued, and that the same had been lost or destroyed, and he released all his right, title and interest in and to same and agreed that the same should become void upon the issuance of the duplicate. At the same time, he applied for a change of beneficiaries, substituting his mother in place of his wife and providing for the payment of the sum of $1,000 to her and a like sum to his son. This was made upon a printed form, furnished by the lodge, at the bottom of which appeared the following: " Change of beneficiary can be made only in accordance with the provisions of the Supreme Statutes referred to and no change will be valid until the application therefor, upon this form, is accepted by the Board of Control." The applications were received by the board on October 18, 1913. They were not granted, but the general secretary wrote to the secretary of the section, of which the certificate holder was a member, on October 21, 1913, asking that a release, which was inclosed, be executed by plaintiff, and, if not, that an application for a duplicate certificate, which was also inclosed, and an affidavit, in which the certificate holder was to state whether or not plaintiff had ever made any payments thereon, be properly filled out and returned. The certificate holder died on the day of

the date of such letter and the release and the affidavit were not prepared or sent. Proof of death was then served and this action was commenced, whereupon the society, under the order of the court, paid the money due into court and the action was discontinued as to it. The son is an infant and has appeared by guardian, who has put in the usual general answer for an infant. These are the facts.

The society is a fraternal benefit society. Its charter, all the laws, rules and regulations governing the insurance department, together with the application of deceased and the certificate issued to him, constituted the contract between it and deceased. Certificate, Condition No. 2; *Lahey* v. *Lahey,* 174 N. Y. 146, 152; *Sabin* v. *Phinney,* 134 id. 423. Section 58 of the Insurance Law requiring that every policy of insurance issued or delivered within the state on or after January 1, 1907, by any life insurance corporation doing business within the state, shall contain the entire contract between the parties and that nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings, unless same are indorsed upon or attached to the policy, when issued, does not apply. And supreme statute No. 475, excepted the conditions or contracts contained in the laws in force at the date of the issuance of the certificate from its operation. The certificate was issued on the condition that the beneficiaries named should have no vested interest therein and that they might be changed at any time and as often as the member might desire, upon compliance with the laws regulating changes. These were regulated by the supreme statutes. But, while the beneficiaries had no vested interest in the certificate, nevertheless, they had a right to the proceeds of it, subject to the member's right to make changes, according to the regulations of

the society. *Fink* v. *Fink,* 171 N. Y. 616, 622; *Coyne* v. *Bowe,* 23 App. Div. 261; affd., 161 N. Y. 633; *Tidd* v. *McIntyre,* 116 App. Div. 602; *Ancient Order of Gleaners* v. *Bury,* 130 N. W. Rep. 191. In *Fink* v. *Fink, supra,* the court says: " The right of the member to make the change is absolute and the beneficiary can neither prevent it by objecting, nor promote it by consenting. Obviously, such a transaction requires some formalities for the protection of the company, the member and the beneficiary. The formalities required by the association before us, through its by-laws, were very simple, but, unless they were substantially complied with, the change could not be made." Deceased applied for a duplicate of his certificate and inclosed the fee of fifty cents for same, stating that he could not find the original and that it had been lost or destroyed. In his application he released all right, title and interest in and to the original and agreed that it should become void, upon issuance of the duplicate. His application was made under statute No. 494. At the same time, he applied for a change of beneficiary, but statutes Nos. 492 and 493 apply to such a change. Statute No. 492 relates to a case where the certificate is in existence and is surrendered. Statute No. 493 relates to a case where a member is unable, for any cause, to surrender. That, then, is the statute which applies here. It provides, in such a case, that " the Board may issue a new certificate upon proof of the facts by affidavit of the member and the execution by him of such instruments of release or indemnity as shall be deemed necessary, but this shall be optional with the Board, and no attempted change shall be valid until accepted by the Board." It should be noted that statute No. 492 provides that the board shall issue a new certificate, if the change be in accordance with the requirements thereof, and that statute No. 493 pro-

vides that it may issue a new certificate upon compliance with the requirements thereof. The application for the change was signed and acknowledged by deceased. It stated the facts as to the original certificate and contained a release of all his right, title and interest in and to same, but there was no proof of the facts by his affidavit. The board did not require it. That was optional with it. But it required a release on the part of plaintiff and, if that could not be obtained, asked that a proposed application for a duplicate certificate, which was inclosed, and an affidavit, in which deceased was to state whether or not plaintiff had ever made any payments on the original, should be made and returned. An application for a duplicate had already been presented; and the statute in question did not provide for the other things asked for. But the board had and has " full charge and complete control of the business and affairs of the Insurance Department " (statute No. 393) and was authorized to ask for them. The letter to the section secretary shows that it was the custom so to ask in like cases. The request was not complied with, so that deceased did not do all that was required and the cases cited by the defendant mother do not apply. In addition, the evidence fails to show that the mother had acquired an interest in the certificate or that there was a consideration for the change. *Tidd* v. *McIntyre, supra,.* On the other hand, plaintiff testified that she paid several premiums out of her own money and the change was not accepted by the board. The plaintiff is, therefore, entitled to judgment.

Judgment for plaintiff.